# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GENE RAND,<br><br>    Petitioner,<br><br>    v.<br><br>B. BIRKHOLZ, Warden,<br><br>    Respondent. | Case No. 2:22-cv-02146-AB (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal inmate serving a sentence imposed by the United States District Court for the District of Nevada. He is currently incarcerated at the Federal Correctional Institution in Lompoc, California. (ECF 1 at 1-2.) On March 25, 2022, Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition does not purport to challenge Petitioner's conviction or sentence. Instead, it challenges prison conditions. (ECF 1 at 2, 5.) Specifically, Petitioner raises the following claims for relief: (1) he received inadequate medical care in violation of the Eighth Amendment because, among other things, an injury to his right foot was not properly diagnosed or treated; doctors at the prison have failed to properly read his abnormal EKGs; he has been given simple generic eye drops for glaucoma; he is in pain because he needs a left hip replacement; as a result of being provided "tardy" insulin for two years, his diabetes is under poor control, resulting in

neuropathy and loss of anal sphincter tone, as well as other health issues; (2) he was denied a phone call with his attorney and was not permitted to bring papers with him to a disciplinary hearing; (3) he has been denied his rights under the Americans with Disabilities Act because he has been housed in a dorm with non-ADA compliant restrooms or showers and because he was assigned an upper bunk; (4) he was denied his right to free speech because he was retaliated against after making a complaint; and (5) the BOP has arbitrarily denied him release under the CARES Act. (ECF 1 at 3-4, 6.) The petition includes numerous pages of detailed allegations relating to Petitioner's medical conditions and care, as well as the overall conditions in Lompoc prison which he believes violate his federally protected rights. (*See* ECF 1 at 11-114.)

For the following reasons, the petition is summarily dismissed. *See* Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## DISCUSSION

Habeas corpus "is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-489 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927-929 (9th Cir. 2016) (en banc). A challenge to the conditions of confinement does not fall within the "core" of habeas corpus; instead, such challenge must be raised in a civil rights action. *Nettles*, 830 F.3d at 931-934.

As set forth above, Petitioner's claims challenge the allegedly unlawful conditions of his confinement. As such, they may not be brought by way of a habeas corpus action. Instead, Petitioner may attempt to assert such claims through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

While a federal court has discretion to construe a habeas corpus petition as a

civil rights complaint, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam), the Court declines to do so in this case. *See Nettles*, 830 F.3d at 936 (district court may construe a petition for habeas corpus as a civil rights action after notifying and obtaining informed consent from the prisoner). To begin with, the petition does not appear to name "the correct defendants." The petition names the Warden as Respondent, rather than the prison officials of whose alleged actions or inaction Petitioner complains – i.e., the doctors and nurses who treated Petitioner at Lompoc. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (federal inmate's habeas petition challenging deficient medical care was not amenable to conversion to a civil rights action because inmate had named the warden as the respondent).

In addition, because a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – including filing fees, the means of collecting them, and restrictions on future filings – recharacterization may be "disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Nettles*, 830 F.3d at 935-936 (quoting *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011)). Accordingly, conversion of the present petition into a *Bivens* complaint would be inappropriate. *See Nunez v. Pliler,* 2020 WL 5880461, at *2 (C.D. Cal. Oct. 1, 2020) (conversion of habeas corpus petition into a *Bivens* complaint inappropriate where petition did not name prison officials and considering significant difference in procedural requirements between habeas corpus and civil rights actions); *Jorgenson v. Spearman*, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters").

Finally, Petitioner's attempt to raise a claim under the CARES Act fails for a separate reason: Petitioner's claim under the CARES Act involves the BOP's discretion and is outside the scope of a Section 2241 petition. *See, e.g., United States v. Medel*, 2021 WL 1200182, at *1 n.1 (C.D. Cal. Mar. 30, 2021); *Cruz v. Jenkins*,

2020 WL 6822884, at *3 (N.D. Cal. Nov. 20, 2020).[1]

For these reasons, IT IS ORDERED that this action be dismissed without prejudice.

DATED: June 07, 2022

ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner previously filed a habeas corpus petition in this Court raising numerous challenges to his continued incarceration, including a similar claim under the CARES Act. Case No. 2:21-cv-00720-AB(AFM). That action was dismissed without prejudice. Among other things, the Court explained that it lacked authority to grant Petitioner relief under the CARES Act. (*See* ECF 15 at 3-4.)